UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

BENJAMIN CARRILLO MENDEZ,

    Petitioner,

v.

KRISTI NOEM, et al.,

    Respondents.

No. 6:26-CV-028-H

## ORDER

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. ___ F.4th ___, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Benjamin Carrillo Mendez, a native and citizen of Mexico, is one such alien, having illegally entered the United States decades ago. His habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA, its implementing regulations, and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Carrillo Mendez's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Carrillo Mendez are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

Because the legal arguments and facts presented in the petition are indistinguishable from those addressed in the Court's prior decisions denying relief, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

1. **Background**

Carrillo Mendez illegally crossed into the United States at an unknown location "decades ago." Dkt. Nos. 1 ¶ 36; 1-2. This year, U.S. Immigration and Customs Enforcement (ICE) detained Carrillo Mendez without bond. Dkt. No. 1 ¶ 37. Carrillo Mendez was soon placed into removal proceedings with a Notice to Appear. *Id.* ¶ 38; Dkt. No. 1-2. The NTA charged him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 1-2 at 1; *see* 8 U.S.C. § 1182(a)(6)(A)(i).

It is unclear whether Carrillo Mendez challenged ICE's custody determination. But to do so would be futile in light of the Board of Immigration Appeals' recent opinion in *Matter of Yajure Hurtado*, holding that aliens present in the United States without admission

must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).[1]

Carrillo Mendez filed a petition for a writ of habeas corpus. Dkt. No. 1. The petition states three claims for relief. His first two claims allege that his detention without bond violates the INA and its implementing regulations. *Id.* ¶¶ 41–47. He also contends that his detention without bond violates his due process rights. *Id.* ¶¶ 48–51.

After Carrillo Mendez filed the petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 2026 WL 323330, at *1. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 2026 WL 323330, at *4 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

---

[1] Typically, a "person seeking habeas relief must first exhaust available administrative remedies." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018). An exhaustion requirement in this context is likely prudential, not jurisdictional. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion only for a "final order of removal"). That said, it would be "an exercise in futility" for Carillo Mendez to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). The BIA issued *Yajure Hurtado* on September 5, 2025. Given the recency, there is little prospect that the BIA would reconsider *Yajure Hurtado* here. Thus, Carillo Mendez's habeas petition does not present an exhaustion problem. *See id.*

Currently, Carrillo Mendez is detained at the Eden Detention Center in Eden, Texas. Dkt. No. 1-1 at 1.

2. **Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

3. **Analysis**

As noted above, Carrillo Mendez raises three claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, one involving the INA's implementing regulations, and another based on the Fifth Amendment's Due Process Clause. Dkt. No. 1 ¶¶ 41–51. As explained below, *Buenrostro-Mendez* forecloses Carrillo Mendez's statutory and regulatory claims. Thus, the only claim left for consideration is Carrillo Mendez's due process claim. The Court has considered whether the Due Process Clause entitles illegal

aliens to individualized bond hearings in numerous prior cases.² Even so, the Court considers the arguments raised in Carrillo Mendez's petition to address whether bond-less detention of aliens present in the United States violates the Constitution. The answer is no. Therefore, for the reasons that follow, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243.

### A.   *Buenrostro-Mendez* forecloses Carrillo Mendez's statutory and regulatory claims.

Carrillo Mendez is an "applicant for admission" within the meaning of Section 1225(a)(1). Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Carrillo Mendez is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 2026 WL 323330, at *1. Thus, Carrillo Mendez's INA claim fails.³

Carrillo Mendez's claim concerning the INA's bond regulations is also foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez*. "To the extent that . . . regulations contradict the plain text of [the INA], the statute governs because 'a valid statute always

---

² *Higareda-Cano v. Noem*, No. 1:25-CV-225, Dkt. No. 13 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 2026 WL 81679; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

³ Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.2.

prevails over a conflicting regulation.'" *Benitez v. Bradford*, No. 4:25-CV-6178, 2026 WL 82235, at *1 (S.D. Tex. Jan. 8, 2026) (Eskridge, J.) (quoting *Duarte v. Mayorkas*, 27 F.4th 1044, 1060 n.13 (5th Cir. 2022)).

### B. The Due Process Clause does not require the government to give Carrillo Mendez a bond hearing.

Next is Carrillo Mendez's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 48–51. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Carrillo Mendez's arguments. He devotes only a few sentences to this claim, arguing that he "has a fundamental interest in liberty and being free from official restraint," and that his detention without a bond redetermination hearing to determine whether he is a flight risk or danger to others "violates his right to due process." *Id.* ¶¶ 50–51. He does not clarify whether his challenge is based on substantive or procedural due process. But either way, he is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g., Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better. As an "applicant for admission," Carrillo Mendez has "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140; *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Carrillo Mendez is not entitled to a bond hearing as a matter of procedural due process.

4.  **Conclusion**

In short, Carrillo Mendez, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 2026 WL 323330, at *1. And the Due Process Clause does not require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on February 17, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE